**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

EDDIE FRANKLIN                                                                                            PLAINTIFF

VS.                                                                            CIVIL ACTION NO.:4:07CV109HTW-LRA

CITY OF MACON, MISSISSIPPI
PETEY FRESHOUR                                                                                         DEFENDANTS

### ORDER

Before this court is the motion of the defendants, the City of Macon, Mississippi and Petey Freshour ("defendants"), to dismiss this matter due to plaintiff's failure to prosecute and/or comply with the court's January 24, 2008 order [docket #16].

**I.   Factual Background and Procedure**

Plaintiff, Eddie Franklin, filed his complaint on or about July 30, 2007. Defendants were served with said complaint on or about August 13, 2007, and filed a notice of removal on or about August 29, 2007. After obtaining an extension of time to respond to the complaint, defendants answered the complaint on October 19, 2007 [docket # 8].

On January 24, 2008, Magistrate Judge Anderson granted Attorneys Louis H. Watson, Jr. and Nick Norris's motion to withdraw as plaintiff's counsel [docket # 15]. Magistrate Judge Anderson's order expressly provided that plaintiff had thirty (30) days

1

to either retain new counsel or indicate his intent to proceed *pro se.*

On February 29, 2008, defendants moved to dismiss this action due to plaintiff's failure to prosecute and/or comply with the court's January 24, 2008 order [docket # 16].

On March 17, 2008, plaintiff moved for an extension of time to retain new counsel [docket # 17]. In his request, plaintiff asserted that he never received the court's order granting plaintiff counsel's motion to withdraw. In addition, plaintiff claimed that he recently had obtained his case file from Attorney Watson on February 29, 2008.

On March 19, 2008, Magistrate Judge Anderson granted plaintiff's motion for an extension of time to retain new counsel or to inform the court of his intent to proceed *pro se* [docket # 18]. Magistrate Judge Anderson granted plaintiff until March 28, 2008 to make his election.

On March 19, 2008, Magistrate Judge Anderson issued an order to show cause as to why Louis H. Watson, Jr. and Nick Norris, plaintiff's former attorneys, had withdrawn as plaintiff's counsel but failed to file a certificate of service as directed in the court's January 24, 2008 order [docket # 19].

On March 24, 2008, Attorneys Louis H. Watson, Jr. and Nick Norris responded to the court's order to show cause explaining that they did not receive the court's order because they had been taken off the ECF notification for the case. Furthermore, Attorneys Watson and Norris informed the court that plaintiff Eddie Franklin had picked up his file from Watson's law office [docket # 21].

On March 25, 2008, plaintiff notified the court of his intent to represent himself in

this action [docket # 22].

This court notes that Magistrate Judge Anderson took no further action on the show cause order after receiving Attorneys Watson and Norris's explanation.

## II.   Legal Standard

**Failure to Prosecute**

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b)[1] and under its inherent authority to dismiss the action *sua sponte*.  See *Link v. Wabash R.R.*, 370 U.S. 626, 630-32, 82 S.Ct. 1386, 1388-90, 8 L.Ed.2d 734 (1962) ; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  The court must be able to clear its calendars of cases that remain dormant because of inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at 629-30.

## III.   Analysis

This court finds that plaintiff, largely through the efforts of his former counsel, has shown good cause for not responding to the Magistrate Judge's order of January 24, 2008.  Plaintiff's failure to respond was the result of inadvertence, misunderstanding and mis-communication.  There is no evidence that plaintiff's non-compliance was the result of any wilful action.  Therefore, dismissal for failure to prosecute is not warranted.

---

[1]Fed. R. Civ. P. 41(b) provides in relevant part that, "[i]f the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

3

IV.     Conclusion

Accordingly, and for all the reasons stated above, the defendants' motion to dismiss the complaint for failure to prosecute is denied.

**SO ORDERED**, this the 3rd day of September, 2008.

         **s/ HENRY T. WINGATE**

         _____
         **CHIEF UNITED STATES DISTRICT JUDGE**